ROCK ISLAND PLOW COMPANY and others, Appellants, vs. STATE BANK OF BOSCOBEL and others, Respondents.

*May 2—June 1, 1911.*

*Debtor and creditor: Prorating: Assignment by debtor: Considera-*
*tion: Equity: Bringing in new parties: Judgment.*

1. Assignment of property upon condition that it shall be prorated among all the assignor's creditors is a sufficient consideration for the promise of the assignee to hold the property as security for the claims of himself and other creditors of the assignor.

2. Where at the close of the evidence in an equitable action the court orders other defendants to be brought in, who interpose an answer substantially the same as that of the original defendant, but offer no evidence, and the court thereupon makes exactly the same decree that it should have made on the evidence had such other defendants not been brought in, the plaintiff cannot complain because of the bringing in of such parties.

APPEAL from a judgment of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Blaine & Kuenzli,* and oral argument by *J. J. Blaine.*

For the respondents there was a brief by *Howe & Gilman,* and oral argument by *W. E. Howe.*

TIMLIN, J.    The appellants began this action against the bank setting forth in substance the following: Plaintiffs were creditors of a partnership known as Henderson & Brainerd, and the latter on December 7, 1908, sold, assigned, and delivered to the plaintiffs all their notes, accounts, and credits for the purpose of securing plaintiffs on notes, accounts, etc., held by plaintiffs against Henderson & Brainerd in the amounts set forth in the assignment. This assignment was made subject to the payment of a claim owing by Henderson & Brainerd to the bank, and the bank has possession of all the assigned notes, accounts, and credits except such as it has col-

lected.   The prior claim of the bank and all other prior claims, if any, have been fully paid and discharged, and the plaintiffs are entitled to possession of all the notes, accounts, and credits assigned to them and held by the bank, and they made demand therefor.   The bank collected large amounts of money on these notes, accounts, and credits, far exceeding the amount due by Henderson & Brainerd to the bank, and plaintiffs demanded an accounting and payment of the amounts so collected.   These demands were refused by the bank.   The plaintiff asked judgment against the defendant bank for the notes, accounts, and credits assigned by Henderson & Brainerd to the plaintiffs and left in possession of the bank, except such as had been collected, and for an accounting as to all moneys collected thereon, etc.

The bank answered averring, among other things, that prior to and since the assignment to plaintiffs the firm of Henderson & Brainerd made several assignments of the notes, accounts, and credits held by the bank.   One of these on November 16, 1908, to the Automatic Carrier Company of Juneau, Wisconsin, to secure an indebtedness of $196; one on November 21, 1908, to Howe & Gilman to secure and pay the following claims: W. A. Patterson Company, $194.65; *Gale Manufacturing Company,* $6.05; *R. Herschel Manufacturing Company,* $44.43; *W. W. Gilman,* $19.   It was further averred that after the assignment to the plaintiffs and about December 7, 1908, the plaintiffs acting through their attorney, J. J. Blaine, and other creditors acting through their attorneys, Howe & Gilman, entered into an agreement to the effect that after the payment of the claim of the bank, that of the Automatic Carrier Company, and that of W. A. Patterson Company, all other claimants to whom assignments of such notes, credits, etc., had been made or would thereafter be made should prorate in all collections that might be made by the bank, and that the notes, etc., should remain in the possession of the bank for collection.   Thereafter the following assign-

ments of the same notes, credits, etc., were made by Hender-
son & Brainerd, who were insolvent, viz.: December 15, 1908,
to the *Alma Manufacturing Company* to secure $84.82; De-
cember 21, 1908, to the *J. I. Case Plow Works* to secure
$201.04; same date to Howe & Gilman to secure $1.25; Feb-
ruary 17, 1909, an assignment to *Hudson & Thurber Com-
pany* to secure $42.70; same date to *T. H. Cochrane & Com-
pany* to secure $113.11; same date to *F. Blocki Company* to
secure $4; April 2, 1909, assignment to *Parsons Band Cutter
and Self Feeder Company* to secure $133.25.    It was further
averred that the claims of the bank and of W. A. Patterson
Company had been paid out of collections made upon such
notes, accounts, etc.    The defendant bank further averred it
had no interest in the notes, accounts, etc., and was willing to
deliver all such to whomsoever the creditors named in the vari-
ous assignments should agree upon.    It prayed that the com-
plaint be dismissed and that the court appoint a receiver to col-
lect the notes, etc., and distribute the proceeds among the sev-
eral creditors.

The plaintiffs made proof of the assignment to them and of
the prior assignments and of the securities on hand and those
collected, and upon cross-examination of plaintiffs' witness the
defendant, over objection, was allowed to show the assign-
ments subsequent to December 7, 1908, set forth in the an-
swer.    The defendant offered evidence tending to show that
the attorney for the plaintiffs who procured the assignment to
them agreed with *Mr. Gilman* and *Mr. Howe,* attorneys who
represented other creditors holding assignments of these notes
made prior to December 7, 1908, that except as to the Patter-
son Company claim the creditors of Henderson & Brainerd
should prorate in the proceeds of these securities, and that it
was agreed that other claims against Henderson & Brainerd
which might thereafter come in should prorate with those who
then had assignments; that the claim of the W. A. Patterson
Company and that of the bank and one other claim should be

paid first, and that all the other creditors of Henderson &amp; Brainerd, including those whose claims were still to come into the hands of the attorneys, should prorate in the securities. This testimony is attacked on various grounds. It is said there was no consideration for that agreement, and the case of *Mygatt v. Tarbell,* 85 Wis. 457, 55 N. W. 1031, is cited to support that proposition. But this overlooks the fact that there was also the testimony of Mr. Brainerd, one of the assignors, who testified that prior to the assignment to plaintiffs he consulted a member of the firm of Howe &amp; Gilman and thereby authorized them to confer with Mr. Blaine with reference to all the creditors prorating, and that he signed the assignment under which plaintiffs claim in the firm name with the understanding that this matter had been arranged and that all the firm creditors were to prorate in the proceeds of these notes, credits, etc. Acting on this belief he apparently made the subsequent assignments.

It is quite evident that if a man assign his property upon condition that it shall be prorated among all his creditors, that act is a sufficient consideration for the promise of the assignee to hold the property as security for the claims of himself and other creditors of the assignor. No rebutting evidence was offered and no further hearing had. At the close of the evidence the attorney for plaintiffs declared that he had no rebutting testimony and would not offer any. The court then, without deciding the case on the testimony before it, ordered all the parties who had assignments of these credits and who were not then parties to the action to be brought in as parties defendant. They came in and answered substantially the same as the bank had answered. Seven months then elapsed and nothing was done, although a motion was made by the plaintiffs and never brought to hearing, and the plaintiffs noticed the case for trial but never brought it to trial, whereupon the circuit court made and filed its findings and judgment, which required all of the remaining creditors to pro-

rate.    We have seen there was evidence to support this.    The answer of the incoming·defendants was substantially the same as that of the bank, and they were brought in apparently only in order that they might be bound by the decree.    The incoming defendants offered no evidence.    After they were made parties the circuit court made exactly the same decree he should have made on the evidence had they never been brought in.    The appellants have nothing to complain of because of the bringing in of these parties.    They have had a full trial of the same issues between themselves and the bank, and no valid grounds for reversing this judgment appear.

*By the Court.*—Judgment affirmed.